MORGAN, LEWIS & BOCKIUS LLP
Jason S. Mills, Bar No. 225126
Mason J. Hattam, Bar No. 352198
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:            +1.213.612.2500
Fax:            +1.213.612.2501
jason.mills@morganlewis.com
mason.hattam@morganlewis.com

Attorneys for Defendant
AMAZON.COM SERVICES LLC


[Additional counsel listed on following page]


# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE RENTERIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a DELAWARE limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:25-cv-01938-JLT-CDB<br><br>District Judge: Hon. Jennifer L. Thurston<br>Magistrate Judge: Hon. Christopher D. Baker<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Filed:            November 12, 2025<br>Removed:     December 18, 2025<br>Trial Date:     September 7, 2027 |

**WEST COAST TRIAL LAWYERS, APLC**
Neama Rahmani, Bar No. 223819
efilings@westcoasttriallawyers.com
Ronald L. Zambrano, Bar No. 255613
ron@westcoasttriallawyers.com
Crystal F. Mohsin, Bar No. 333299
crystal@westcoasttriallawyers.com
1147 South Hope Street
Los Angeles, CA 90015
Telephone: (213) 927-3700
Facsimile: (213) 927-3701

Attorneys for Plaintiff,
NATALIE RENTERIA

## **STIPULATED PROTECTIVE ORDER**

It is hereby agreed between Plaintiff NATALIE RENTERIA ("Plaintiff") and Defendant AMAZON.COM SERVICES LLC ("Defendant") (Plaintiff and Defendant together, the "Parties") that any person subject to this Stipulated Protective Order ("Agreement"), including, without limitation, the Parties, their attorneys, representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Agreement, shall adhere to the following terms:

1.      Any person subject to this Agreement who receives from any other person any information of any kind—whether in documents, testimony, or any other form—provided in discovery during this litigation ("Discovery Material") that is designated as "Confidential" pursuant to the terms of this Agreement shall not disclose such Confidential Discovery Material to anyone except as expressly permitted by this Agreement.

2.      The person producing any given Discovery Material may designate as "Confidential" such portion(s) of Discovery Material that contains non-public business, commercial, financial, personnel, medical, psychological, psychiatric, or personal information, including, but not limited to, personal contact information, social security numbers, and dates of birth, the public disclosure of which is either restricted by law or which, in the good-faith opinion of the producing person, warrants such a designation pursuant to the Federal Rules of Civil Procedure and interpretive case law.

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential either (i) on the record during the deposition or (ii) until 30 days after receipt of the deposition transcript.

4.      At any time prior to the trial of this action, any Discovery Material inadvertently produced without limitation may be designated by the producing person as Confidential by

informing all parties in writing that the Discovery Materials should be treated as Confidential under this Agreement.

5.    The Parties agree to keep any dates of birth, personal contact information, and social security numbers as Confidential. The Parties agree not to file or publicly disclose any documents containing a date of birth or social security number unless the date(s) of birth or social security number(s) is redacted in the document.

6.    No person subject to this Agreement other than the producing person shall disclose any of the Discovery Material designated as Confidential by the producing person to any other person, except:

a. the Parties to this action and any director, officer, or employee of Defendant Amazon.com Services LLC to the extent deemed reasonably necessary by counsel for Defendant for the prosecution, defense, or settlement of this action;

b. counsel retained specifically for this action, including any paralegal, clerical employee, and other assistant employed by such counsel and assigned to this matter;

c. any witness called to testify at deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Agreement;

d. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action (and the employees and agents of such person), provided such person has first executed a Non-Disclosure Agreement in the form attached to this Agreement;

e. any mediator retained by the Parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation;

f. stenographers engaged to transcribe depositions conducted in this action; and

g. the Court and its support personnel.

7.      Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(c) and (d) above, such person shall be provided by counsel with a copy of this Agreement and shall sign a Non-Disclosure Agreement in the form attached to this Agreement. Counsel shall retain each signed Non-Disclosure Agreement.

8.      The receiving party shall not load, import, submit, or otherwise transfer Confidential Discovery Material produced by the producing party to a publicly accessible Large Language Model ("LLM") or Artificial Intelligence ("AI") platform. LLM or AI platforms may be utilized with industry standard data security provisions and if the receiving party has ensured the Confidential Discovery Material will not be utilized to train public models or otherwise made accessible to other users of the LLM or AI platform.

9.      For applications and motions to the Court in connection with which a party submits Confidential Discovery Material, all documents containing such Material that are submitted to the Court shall be filed electronically with a request that they be filed under seal consistent with applicable Court rules and orders. The Parties agree that the Court is ultimately responsible for determining whether there is sufficient justification for the non-public filing of Confidential Discovery Material, and should the Court deny a party's request to file a particular document under seal, it will not be a breach of this Agreement for a party to publicly file such document.

10.     Irrespective of any designation as Confidential, Confidential Discovery Material does not include any document or information which is (i) in the public domain, or (ii) enters the public domain after execution of this Agreement, provided that the document or information is not made public in violation of this Agreement or otherwise in a wrongful manner. Notwithstanding any other term in this Agreement, designation of any document or information as "Confidential" pursuant to this Agreement shall not prohibit a producing party from using its own documents or information in the ordinary course of its business in a manner that is consistent with its efforts to maintain the confidentiality for such material.

11.     Any party who objects to any designation of confidentiality or to further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with

particularity the grounds of the objection. If the Parties cannot reach a prompt agreement respecting the objection, the Parties may seek a ruling from the Court only after having exhausted the Court's mandatory informal discovery dispute procedures as set forth in the operative scheduling order (Doc. 17 at 4-5) and referenced herein: No written discovery motions shall be filed without the prior approval of Judge Baker. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, prior to making any filing, the requesting party promptly shall seek a conference with all involved parties and Judge Baker. To schedule this conference, the parties should contact the Courtroom Deputy Clerk, Cori Boren, at (661) 326-6620 or via email at CBoren@caed.uscourts.gov. At least two days before the conference, counsel shall file a joint, informal letter brief detailing each party's position. Each party's narrative shall not exceed five pages, excluding exhibits, and shall cite relevant authority in support of the party's position. At the commencement of the conference, if the parties jointly agree to Judge Baker's consideration and resolution of the discovery disputes outside the formal Local Rule 251 procedures, the Court will entertain arguments by the parties and issue a written ruling. If the parties do not jointly agree to the informal discovery dispute resolution procedures set forth herein, the requesting party may then seek relief through motion to compel. Counsel must comply with Local Rule 251 with respect to discovery disputes and certify their compliance in any discovery motion. Failure by the Designating Party to make such a motion shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation only after having exhausted the Court's mandatory informal discovery dispute procedures as referenced above, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph and has exhausted the Court's mandatory informal discovery dispute procedures as referenced above.

12.    Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13.    If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14.    If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within 5 business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. A receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

15.    All material designated Confidential obtained in discovery in this litigation shall be used by the recipient solely for the prosecution or defenses of the claims in the above-captioned litigation, including appeals, and shall not be used by the recipient in any other legal action, or for any business, commercial, competitive, personal, publicity, media, or other purposes. It shall be the duty of each party and each individual having notice of this Agreement to comply with this Agreement from the time of such notice.

16.    This Agreement shall survive the termination of the litigation. Within 30 calendar days of the final disposition of this action, upon request by the producing party, all Discovery Material designated as "Confidential," including copies, shall either be returned promptly to the producing person, or destroyed. Notwithstanding the foregoing, any and all:

    a.    Electronic versions of Discovery Material designated as "Confidential" shall be destroyed by the non-designating/receiving party; and

6

b. deposition transcripts memorializing the adverse party's deposition(s), c. including those designated as "Confidential" and those not designated as "Confidential," shall be destroyed by each adverse party.

Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.

17.    This Agreement shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence. There are no intended beneficiaries of this Agreement other than the Parties to this action and the Court, and no other person shall acquire any right hereunder.

18.    Nothing in this Agreement shall preclude a party offering information subject to this Agreement into evidence or from using any such information in the course of examining or cross-examining any witness at the trial of this action or during a deposition conducted in this action.

19.    The Parties and all signatories to the Acknowledgement attached hereto as Exhibit A agree to be bound by this Agreement pending its approval and entry by the Court. In the event that the Court modifies this Agreement, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Agreement until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Agreement pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

[*Signature page follows*]

7

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: June 15, 2026                    MORGAN, LEWIS & BOCKIUS LLP

By: _____
                                        Jason S. Mills
                                        Mason J. Hattam
                                        Attorneys for Defendant
                                        AMAZON.COM SERVICES LLC

Dated: June 15, 2026                    WEST COAST TRIAL LAWYERS, APLC

By /s/ Crystal F. Mohsin
   _____
                                        Neama Rahmani
                                        Ronald L. Zambrano
                                        Crystal F. Mohsin

                                        Attorneys for Plaintiff
                                        NATALIE RENTERIA

IT IS SO ORDERED.

DATED:    ___June 16, 2026___          _____
                                        HON. CHRISTOPHER D. BAKER
                                        United States Magistrate Judge

8

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____[**full name**], of_____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on <u>June 16, 2026</u> in the case of _____. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint_____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed:


Printed name: _____


Signature:

9